ORIGINAL

ENRIQUE BAHENA
J-67271 73-16UP
5100 O'BYRNES FERRY ROAD
JAMESTOWN, CA 95327

PETITIONER IN PRO SE

NUNC PRO TUNC
AUG 28 2008

FILED
SEP 2 - 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ENRIQUE BAHENA, )
)
PETITIONER, )
)
vs. )
J.D. CLAY
[redacted], )
)
RESPONDENT. )

CIVIL NO. 08-0214H (JMA)

MOTION FOR STAY AND ABEYANCE

Comes now Enrique Bahena, Petitioner a State prisoner proceeding in pro se, and hereby moves this Honorable Court to stay proceedings, placing this matter in abeyance pending exhaustion of State post-conviction remedies on claims not presented herein.

This motion is made upon the grounds that good cause exists for Petitioner's failure to exhaust his claims, the claims are potentially meritorious, and there is no indication he has intentionally engaged in any dilatory litigation tactics.

This motion is based upon Petitioner's affirmation that he is currently pursuing State post-conviction remedies on potentially meritorious claims which were outside the scope of direct appeal and he was uncertain at the time of filing his Federal Habeas Corpus petition whether any unexhausted claims would be accepted as timely presented in a State post-conviction application.

I declare under the penalty of perjury that the foregoing is true and correct.

Date: 8/14/2008

Respectfully submitted,

Enrique Bahena

ENRIQUE BAHENA

Petitioner In Pro Se

## Memorandum of Points and Authorities

The district court has authority to issue stays where such would be a proper exercise of its discretion. **Rhines v. Weber,** 544 U.S. 269, 275, 161 L.Ed.2d 440, 450-451, 125 S.Ct. 1528, 1534 (2005). A stay is appropriate when there was good cause for an applicant's failure to exhaust the claim in state court, the claim is potentially meritorious, and there is no indication of intentional dilatory litigation tactics. **Id.,** 544 U.S. at 277-278, 161 L.Ed.2d at 451-452, 125 S.Ct. at 1535.

At bar, Petitioner failed to exhaust his claims because they exceeded the scope of direct appeal, see **In re Harris,** 5 Cal.4th 813, 834 n. 8, 21 Cal.Rptr.2d 373, 384 n. 8 (1993), and he was uncertain whether any unexhausted claims would be accepted as timely filed in a State post-conviction application. Reasonable confusion about whether a State filing would be timely ordinarily constitutes good cause. **Pace v. Diguglielmo,** 544 U.S. 408, 416, 161 L.Ed.2d 669, 678, 125 S.Ct. 1807, 1813 (2005).

Therefore, a stay should be issued pending Petitioner's exhaustion of State remedies to preserve his valid claims. **Kelly v. Small,** 315 F.3d 1063, 1070 (9th Cir. 2003).

Respectfully submitted,

Dated: 8/14/2008

Petitioner Pro Se

Enrique Bahena