UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE BAHENA, | ) Case No. 08-CV-00214-H (JMA) |
| Petitioner, | ) **REPORT AND RECOMMENDATION** |
| v. | ) **REGARDING PETITIONER'S MOTION** |
| | ) **TO STAY FEDERAL PROCEEDINGS** |
| VICTOR M. AMALGER, Warden, et al., | ) |
| Respondent. | ) |

On March 11, 2005, Petitioner was convicted in San Diego Superior Court of residential burglary (Cal. Penal Code § 459) and vandalism greater than $400 (Cal. Penal Code § 594). (Petition [Doc. No. 1] at 1-2.) Petitioner was sentenced to 14 years in state prison based on his conviction and sentence enhancements for a prison prior (Cal. Penal Code § 667.5) and a strike prior (Cal. Penal Code § 667, 1170.12). (Id.)

Petitioner appealed his conviction, contending that the evidence presented at trial was insufficient to support the conviction and that trial counsel was constitutionally ineffective. (Petition at 2.) The California Court of Appeal

affirmed the conviction. (<u>Id</u>.) Petitioner sought review by the California Supreme Court, raising the same two claims, and the California Supreme Court denied the Petition for Review. (<u>Id</u>.) Thereafter, Petitioner sought collateral review in California Superior Court, contending that his sentence violated his right to be tried by a jury. (<u>Id</u>. at 3.) That court denied the petition on July 26, 2007. (<u>Id</u>.)

On February 4, 2008, Petitioner filed the instant petition for writ of habeas corpus, contending that: (1) there was insufficient evidence to support Petitioner's residential burglary conviction; and (2) Petitioner received ineffective assistance of trial counsel. (Petition at 6-12.) On March 14, 2008, the Court issued an order setting a briefing schedule on the Petition. (Doc. No. 7.) On May 20, 2008, Petitioner filed a Motion to Stay the Proceedings (the "Motion"), requesting that the Court stay the Petition until the California Supreme Court has ruled on four additional claims raised by Petitioner in that court. (Doc. No. 15.) On July 2, 2008, Respondent filed an Opposition to the Motion. (Doc. No. 17.) On August 28, 2008, Petitioner filed his Reply to the Opposition (styled as "Motion for Stay and Abeyance"). (Doc. No. 22.)

Petitioner requests a stay of the proceedings in this Court while he exhausts state remedies as to four unexhausted claims: (1) Petitioner was improperly charged; (2) Petitioner is factually innocent; (3) Petitioner was maliciously prosecuted; and (4) Petitioner's counsel was ineffective because he failed to file motions or investigate the case. (Motion at 1.) Once he exhausts available state remedies as to the new claims,

Petitioner seeks leave to amend the Petition here to add those claims. (Id.)  For the reasons outlined below, the Court recommends that the Motion be DENIED.

Pursuant to Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to grant a stay if: (1) the petitioner had good cause for his failure to exhaust; (2) his unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  Rhines, supra, 544 U.S. at 278.  The Supreme Court made clear in Rhines that "stay and abeyance should be available only in limited circumstances."  Rhines, supra, 544 U.S. at 277. Staying a federal habeas petition frustrates the AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings.  Id.  Additionally, stays undermine the AEDPA's goal of streamlining federal habeas corpus proceedings by decreasing a petitioner's incentive to first exhaust all his claims in state court.  Id.  As a threshold matter, "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the District Court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  Id.

Petitioner contends that he had good cause for filing his federal Petition before he exhausted his claims in state court because he was confused regarding state filing requirements. (Reply at 3.)  Petitioner asserts that he was unsure whether his most recent state petition would be accepted as timely filed, and he did not want to lose the chance to file a federal petition on

the two claims already exhausted on direct appeal. (Reply at 3.) Petitioner cites Pace v. DiGuglielmo, 544 U.S. 408 (2005), to further this argument. The opinion states that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." Pace, supra, 544 U.S. at 416. On its face, this dicta seems to help Petitioner. However, Petitioner's use of this argument is flawed in two respects: (1) the opinion's language applies to a distinct factual situation involving the tolling of a statute of limitations, and (2) Petitioner fails to show how his situation is analogous to the one in Pace.

In Pace, during the time between Pace's conviction and the filing of his federal habeas corpus petition, habeas corpus laws were amended, which resulted in significant changes when applied to Pace so as to justify reasonable confusion over the timeliness of filings. See Pace, supra, 544 U.S. at 410-13. The Supreme Court affirmed the decision of the Third Circuit and held that an untimely state petition is not considered "properly filed" for purposes of tolling the AEDPA's statute of limitations. Id. at 412-13. Although the court suggested that Petitioner's "reasonable confusion" about the timeliness of his state filing could constitute "good cause" for his failure to exhaust available state remedies prior to filing a "protective" federal petition under the Rhines test (see id.), the facts giving rise to any asserted confusion about timeliness in Pace, i.e., the almost simultaneous amendment of state and federal statutes, do not exist here. Unlike the factual situation in Pace, there have been no major changes to California or federal habeas corpus law

since the time of Petitioner's conviction.  Any confusion Petitioner may have had about timeliness of his state filings is nothing more than ignorance of the law.  Under <u>Rhines</u>, ignorance of the law does not constitute "good cause" for failing to properly exhaust available state remedies prior to filing a federal petition.  See <u>Kibler v. Walters</u>, 220 F. 3d 1151, 1154 (9th Cir. 2000) (finding that a petitioner's lack of knowledge regarding the requirements of state habeas corpus law was insufficient to establish good cause for petitioner's failure to exhaust state claims).

In addition to his failure to show good cause for a stay of federal proceedings, Petitioner fails to address in any way the other two required elements of the <u>Rhines</u> test.  Nowhere in his Motion or Reply does he set forth any reason why his pending state claims are potentially meritorious, nor does he assert that he has not engaged in intentionally dilatory tactics in bringing his claims in state and federal court.

A decision allowing Petitioner to stay his federal habeas corpus petition based on his confusion regarding state procedural matters would seriously weaken the holding of <u>Rhines</u>.  Such a determination would open the door of "good cause" to virtually any petitioner who asserts that he was unclear about state habeas corpus law and its procedural requirements.  Such a result would contradict the AEDPA's policy goals of streamlining and simplifying the federal habeas corpus system and would result in serious delays and court congestion.

//
//

1  For all the foregoing reasons, the undersigned magistrate
2  judge recommends that Petitioner's Motion to Stay the Proceedings
3  be DENIED.

4  This Report and Recommendation is submitted to the Honorable
5  Marilyn L. Huff, United States District Judge assigned to this
6  case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

7  **IT IS ORDERED** that no later than **December 24, 2008** any party
8  may file written objections with the Court and serve a copy on
9  all parties. The document should be captioned "Objections to
10 Report and Recommendation."

11 **IT IS FURTHER ORDERED** that any reply to the objections shall
12 be served and filed no later than **January 7, 2008**.  The parties
13 are advised that failure to file objections within the specified
14 time may waive the right to raise those objections on appeal of
15 the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th
16 Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17 **IT IS SO ORDERED.**
18 DATED:   November 25, 2008

Jan M. Adler
U.S. Magistrate Judge