# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE BAHENA,<br><br>　　　　　　　　　　Petitioner,<br>　vs.<br>VICTOR M. ALMAGER, Warden, et al.,<br>　　　　　　　　　　Respondent. | CASE NO. 08-CV-00214 H (JMA)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO STAY FEDERAL PROCEEDINGS** |

　　　On February 4, 2008, Enrique Bahena (Petitioner), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Petition). (Doc. No. 1.) On May 20, 2008, Petitioner filed a motion to stay the proceedings. (Doc. No. 15.) On July 2, 2008, Respondent filed an opposition to the motion. (Doc. No. 17.) On August 28, 2008, Petitioner filed a motion for stay and abeyance which this Court construes as a reply to the opposition. (Doc. No. 22.) On November 25, 2008, U.S. Magistrate Judge Adler filed a Report and Recommendation, recommending that this Court deny Petitioner's motion to stay the proceedings. (Doc. No. 23.)

　　　For the reasons set forth below, the Court ADOPTS the Report and Recommendation and DENIES Petitioner's motion to stay.

///

///

///

**Procedural History**

On March 11, 2005, Petitioner was convicted in San Diego Superior Court of residential burglary and vandalism greater than $400. (Doc. No. 1 at 1-2.) Petitioner was sentenced to fourteen years in state prison. (Doc. No. 1 at 1.) On August 16, 2006, the California Court of Appeal affirmed Petitioner's conviction and sentence. (Doc. No.1 at 2.) On November 1, 2006, the California Supreme Court denied Petitioner's petition for review. (Doc. No. 1 at 2.)

On February 4, 2008, Petitioner filed the Petition in this Court raising two claims: (1) insufficiency of the evidence, and (2) ineffective assistance of trial counsel. (Doc. No. 1 at 6-12.) On May 20, 2008, Petitioner filed a motion requesting that the Court stay the Petition until the California Supreme Court has ruled on four additional claims not included in the Petition. (Doc. No. 15.) Petitioner seeks to exhaust these claims in state court and subsequently amend the Petition to include the four additional allegations. (Doc. No. 15.)

Petitioner has also filed an omnibus motion to determine proper authority and jurisdiction. (Doc. No. 11.) This Court has jurisdiction pursuant to 28 U.S.C. § 2254.

**Discussion**

A district court may properly stay a petition for purposes of claim exhaustion in state court when three requirements are met: (1) the petitioner had good cause for his failure to exhaust his claims in state court, (2) the unexhausted claims are potentially meritorious, and (3) there is no indication the petitioner engaged in intentionally dilatory litigation tactics. Rhines v. Weber, 544 U.S. 269, 277-78 (2005). Failure to grant a stay when these conditions are satisfied would likely be an abuse of discretion. Id. at 278. "[G]ranting a stay effectively excuses a petitioner's failure to present his claims first to the state courts" and therefore frustrates the Antiterrorism and Effective Death Penalty Act's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. See id. at 277. As such, "stay and abeyance should be available only in limited circumstances." Id.

///

///

///

Petitioner argues that his confusion regarding state filing procedures constitutes good cause for his failure to exhaust his claims in state court.  Petitioner cites <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005) for this contention.  In <u>Pace</u>, the Supreme Court stated "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good faith' for him to file in federal court."  <u>Id.</u> at 416.  Petitioner's reliance on <u>Pace</u> is misplaced.  In <u>Pace</u>, the petitioner's confusion resulted from amendments to habeas corpus laws occurring between the time of the petitioner's conviction and the filing of his federal habeas petition.  <u>See id.</u> at 410-13.  In the instant matter, Petitioner alleges that "he was uncertain whether any unexhausted claims would be accepted as timely filed in a State post-conviction application." (Doc. No. 22 at 3.)  Petitioner's alleged confusion does not stem from a factual scenario analogous to that in <u>Pace</u> and is not reasonable.  In fact, Petitioner fails to provide any facts to establish the cause of his alleged confusion.  Petitioner's conclusory statement without factual support is insufficient to support Petitioner's allegation of good cause for failure to exhaust.

Petitioner's alleged confusion amounts only to ignorance of habeas law.  A decision allowing Petitioner to stay his federal habeas petition would not comport with the holding of <u>Rhines</u> and would open the door of "good cause" to virtually any petitioner who asserts that he was unclear about state habeas law.  This Court therefore concludes there was no good cause for Petitioner's failure to exhaust his claims in state court.

Petitioner asserts that his "claims are potentially meritorious, and there is no indication he has intentionally engaged in dilatory litigation tactics." (Doc. No. 22 at 1.)  Petitioner provides no factual support for these claims.  Petitioner's conclusory statement regarding merit and dilatory tactics is insufficient to establish these claims.

///
///
///
///
///

**Conclusion**

For the reasons stated above, the Court ADOPTS the Report and Recommendation and DENIES Petitioner's motion to stay the proceedings.

IT IS SO ORDERED.

DATED: February 25, 2009

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:

All parties of record.